Rehearing granted, January 11, 2006

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2087**

———————

MATHURIN MARC OLAMA ONANA,

                                                    Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                                 Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A73-556-660)

———————

Submitted:  July 22, 2005         Decided:  September 23, 2005

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Petition dismissed by unpublished per curiam opinion.

———————

Steven Kreiss, Washington, D.C., for Petitioner.  Peter D. Keisler,
Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant
Director, Michelle E. Gorden, Senior Litigation Counsel, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mathurin Marc Olama Onana, a native and citizen of Cameroon, petitions for review of an August 4, 2004 order of the Board of Immigration Appeals ("Board") denying his second motion to reopen immigration proceedings. For the reasons set forth below, we dismiss the petition for review as moot.

In his second motion to reopen, Onana claimed that former counsel was ineffective for failing to pursue a hardship waiver pursuant to 8 U.S.C. § 1186a(c)(4)(A) (2000) based on Onana's contention that his removal would cause hardship to his United States citizen child. In its order, the Board denied Onana's motion to reopen on procedural grounds and declined to reach the merits of Onana's ineffective assistance of counsel claim.

While Onana's petition for review of the Board's denial of his motion to reopen was pending before this court, Onana filed a motion to reconsider with the Board. In an order dated October 28, 2004, the Board denied the motion to reconsider. In rendering its decision, it considered the merits of Onana's ineffective assistance of counsel claim and concluded that the case did not warrant reopening.[*]

---

[*]We note that Onana did not file a petition for review of the Board's order denying reconsideration and thus we have no jurisdiction to review that decision. See Stone v. INS, 514 U.S. 386, 405 (1995).

- 2 -

Upon review, we find that the Board's order of October 28, 2004, has rendered Onana's petition for review moot. A federal court has no authority to render decisions on moot questions. Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Con'l Bank Corp., 494 U.S. 472, 477-78 (1990). Thus, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." Church of Scientology of Cal., 506 U.S. at 12 (citations omitted).

We conclude that the Board's subsequent order of October 28, 2004, has rendered it impossible for this court to grant Onana "any effectual relief whatever." Id. Even if this court were to find that the Board abused its discretion in denying Onana's second motion to reopen on procedural grounds, the appropriate remedy would be for us to remand the case to the Board for a consideration of his ineffective assistance of counsel claim on the merits. The Board, however, has already examined and addressed the merits of this claim and determined that the circumstances do not warrant reopening Onana's removal proceedings.

- 3 -

Onana has waived any further review of this determination by failing to file a petition for review of the Board's denial of his motion to reconsider.

Accordingly, we dismiss the petition for review as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED